Ryan D. Watstein (*admitted pro hac vice*)
Georgia Bar No. 266019
Patrick J. Fitzgerald (*admitted pro hac vice*)
Georgia Bar No. 405638
**WATSTEIN TEREPKA LLP**
1055 Howell Mill Road, 8th Floor
Atlanta, Georgia 30318
Telephone: 404-782-0695
ryan@wtlaw.com
pfitzgerald@wtlaw.com

*Counsel for Plaintiff PivotHealth Holdings, LLC*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| PivotHealth Holdings, LLC,<br><br>    Plaintiff,<br>v.<br><br>Lucas Horton,<br><br>    Defendant. | Civil Action 2:24-cv-01786-MTL |

**PLAINTIFF'S MOTION FOR SANCTIONS AND IN PERSON HEARING**

Plaintiff PivotHealth Holdings, LLC, files this motion for sanctions and other relief against Defendant Lucas Horton. Mr. Horton is a serial TCPA litigant who wrongfully initiated and then pursued frivolous claims against PivotHealth Holdings, LLC. *Horton v. PivotHealth*, Case No. 22-cv-02915 (N.D. Tex.) (reassigned to D. Ariz. as Case No. 2:23-cv-02533) (the "Underlying Action"). Mr. Horton has made a career out of these claims, filing dozens of TCPA claims and recovering $250,000 in one year alone. But Mr. Horton is no private attorney general pursuing wrongdoers for the greater good. Quite the contrary: when the facts and the law are not on his side, he simply lies, falsifies evidence, and verbally abuses his target to extort a large settlement payment.

Whereas some companies payout meritless claims to avoid expensive litigation, a complacency that Mr. Horton thrives on, Pivot refused. Presumably frustrated that Pivot wouldn't give in, Mr. Horton committed the cardinal sin of forging evidence. He produced an email he claimed he sent to Pivot at memberservices@pivothealth.com on October 13, 2022, demanding a refund (the "Refund Demand"). Pivot suspected the Refund Demand was a forgery and told Horton that it intended to subpoena his email provider, Yahoo, Inc., for a copy of his email log. Horton immediately responded by dismissing his complaint so that this Court would not discover that he was a fraudster and put an end his litigious career that had netted him, at least, well into the six figures. After successfully defending against Mr. Horton's claims, Pivot initiated this action for abuse of process, among other claims.

Having not learned his lesson that candor to this tribunal is sacrosanct, Mr. Horton continues to make knowingly false statements to the Court about the Refund Demand. He told this Court that the email is authentic and Yahoo has evidence to prove it. But Pivot subpoenaed Yahoo and confirmed it has no record of the Refund Demand. In fact, his email log shows no outbound emails *at all* between October 10 and November 1, 2022, suggesting Mr. Horton deleted his entire outbound email account to conceal his forgery (despite litigating multiple matters that require preserving that information).

Horton has hurled insults and abusive language at Pivot's counsel throughout this litigation, most recently calling the undersigned a "little bitch ass piece of shit" and "[f]uckig [sic] dirtbags." He has called judges "clowns" and repeatedly expressed his intent to ignore this Court's rulings, telling Pivot, "You will never get a dime from me even if it is ordered."

The Court should hold an in-person hearing to address Mr. Horton's fraud on the Court and continued abusive conduct. He will continue abusing Pivot, its counsel, and the system writ large until this Court orders him to stop.

**BACKGROUND**

**A.   Horton Produces Falsified Evidence in the Underlying Action.**

Pivot's claims arise, in part, out of Mr. Horton falsifying evidence to support his claims in the Underlying Action. Specifically, while the Underlying Action was pending in this Court, Mr. Horton produced an email to support his Tex. Bus. & Com. Code § 301.052 claim that Pivot refused him a refund for a Pivot-branded insurance policy despite his serving notice the "day after purchasing the policy[.]" Case No. 22-cv-02915, ECF No. 13 ¶ 3; ECF No. 16-1 at 92.

There was substantial evidence that Mr. Horton forged the Refund Demand. First, Pivot has no record of receiving the email. Second, the timestamp on the Refund Demand appears altered so that it reads "CST" (Central Standard Time), despite being sent during *Central Daylight Time* ("CDT"). ECF No. 16-1 at 92. Pivot received a similar email at memberservices@pivothealth.com with the same opening as the Refund Demand, but it was transmitted **on February 13, 2024**, during Central Standard Time. Declaration of Patrick Fitzgerald, attached as Exhibit 1, Ex. D (February 2024 Refund Demand ("Please refund this")). Pivot suspects that Mr. Horton altered the timestamp on this later email to make it appear as though he sent the February 2024 refund demand on October 13, 2022. Third, Mr. Horton dismissed his own case with prejudice right after Pivot told him it planned to subpoena his email carrier for his email logs. ECF No. 16-1 at 111–12.

As to the latter point, Mr. Horton is an aggressive, serial litigant who has made a career of suing companies and litigating through dispositive rulings. He would not have dismissed his own case—particularly *with prejudice*—if it were not clear that he was caught in a lie. After Mr. Horton dismissed to avoid accountability, Pivot initiated this abuse of process lawsuit.

**B.   Horton Lies to this Court About the Refund Demand.**

Rather than simply deny liability for Pivot's abuse of process claim, Mr. Horton doubled down, making multiple knowingly false statements to this Court after Pivot

filed this case. In his reply in support of his Motion to Dismiss, he asserted that Pivot "is lying that a forgery was attempted by the Defendant" and insisted "[h]e knows that emails leave a trail that can be found." ECF No. 18 at 6–7. He further claimed that "he never forged any evidence" and that he "would never waste his time or risk sanctions in litigating a losing or frivolous case." *Id.* at 12, 20.

Mr. Horton has offered multiple inconsistent stories to explain why the Refund Demand's timestamp reads "CST," despite being sent during Daylight Time. First, he claimed "CST stands for Central Standard Time, which is where the Plaintiff [sic] lives." ECF No. 18 at 9. 13. But Pivot explained that Mr. Horton lives in the *Central Time Zone*, which transitions from Central Daylight Time ("CDT") to Central Standard Time ("CST") in the first week of November. ECF No. 23 ¶ 2. Mr. Horton then tried to blame the discrepancy on his purported virtual private network, which apparently "makes it appear he is in Mexico or Canada" rather than "where [he] lives." ECF No. 24, p. 2. Mr. Horton did not identify his VPN provider, or any evidence that he was using a VPN on October 13, 2022.

Horton doubled down on his lie by insisting Yahoo had a record of the Refund Demand and would "dispel [the] fiction" of his forgery. ECF No. 17. He asked this Court to issue a subpoena requiring Yahoo to send its production to Horton. ECF No. 17-1 at 1. When Pivot called his bluff and suggested that, in the interest of time and conserving the Court's resources, *Pivot* would issue a comparable subpoena to Yahoo under Rule 45(a)(3), Horton refused to cooperate by executing Yahoo's consent form. ECF No. 21-2 at 4–5. Apparently, Horton wanted to be the one to receive Yahoo's production. The only logical explanation is that he planned to continue to falsify records to cover up his lies.

**C.     Horton's Email Carrier Confirms the Refund Demand is a Forgery.**

Notwithstanding the overwhelming evidence that the Refund Demand was a forgery, Pivot subpoenaed Yahoo. On November 15, after Mr. Horton announced he would oppose Pivot's subpoena, the undersigned warned Mr. Horton about lying to

the Court: "I say this as a professional courtesy: if it turns out there's no record of this email, your repeated representations otherwise to the Court will look very bad." ECF No. 21-2 at 2. Pivot would not waste this Court's resources if there was an innocent explanation. There is none.

Yahoo responded to Pivot's subpoena, producing email logs for lukeduke365@yahoo.com between October 10 and November 1, 2022. Fitzgerald Decl., Ex. B (Horton Email Logs). As suspected: Yahoo has no record of an email from lukeduke365@yahoo.com to memberservices@pivothealth.com on October 13, 2022.[1] In fact, there are *no outgoing emails at all* between October 10 and November 1, 2022, suggesting Mr. Horton deleted the rest of his outbound mailbox in an attempt to conceal his misconduct. A representative from Yahoo confirmed it pulled all emails to and from lukeduke365@yahoo.com during the time period, but explained Yahoo cannot access deleted emails. Fitzgerald Decl., Ex. C. Thus, there are two explanations for the Refund Demand's absence: (1) the demand is a forgery, or (2) Mr. Horton deleted the record of the email during his litigation with Pivot.

Mr. Horton has also levied disrespectful emails at Pivot's counsel simply for doing its job to vindicate its client, which was victimized by Horton's fraud. For example, in December 2022 and January 2023, frustrated that Pivot was not giving in to his frivolous demands, Horton lobbed insults like "stupid piece of shit," "douchebag," and "asswipes" at Pivot's counsel. ECF No. 16-1 at 9, 11, 14.

Those attacks increased after Pivot subpoenaed Yahoo, proving Mr. Horton knew his conduct was wrong and he wanted to deter Pivot from uncovering the truth. For example, Horton ended a November 18, 2024, email with, "And I won't say anything in this email that [sic] can go tattle to the court about you little bitch ass piece of shit." Fitzgerald Decl., Ex. A at 5. About a week later, he sent another message

---

[1] In contrast, there is an email record from memberservices@pivothealth.com *to* lukeduke365@yahoo.com on October 10, 2022, which is the day that Pivot sent Horton information about the Pivot-branded policy. Fitzgerald Decl., Ex. B at 28.

stating "You won't be happy with the results of this.  Fuckig [sic] dirtbags." *Id*. And about an hour later, he said, "Your family should be embarrassed at how you earn a living." *Id.*  The undersigned asked Horton to "please refrain from further unprofessional communications and threats or we will have to raise this with the Court, asking for an order requiring you to stop." *Id.* Horton flippantly indicated he would not stop by responding with a single word: "Nope." *Id.*

Horton has also demonstrated his disdain for the courts writ large. In his deposition, he said he didn't like filing claims in certain state court because the judges are "clowns." ECF No. 16-1 at 36. Horton has repeatedly stated that he would ignore this Court's orders. For example, he told Pivot, "You will never get a dime from me even if it is ordered. I do not care if I have a judgment against me from a robocaller. They do not affect your credit and if I am ever questioned about it, I will just say it was a shady robocaller and it won't matter." Fitzgerald Decl., Ex. A at 11.  In November, he said that Pivot "will get nothing me even if the court orders me to pay $5." *Id*.

Horton has made knowingly false statements to this Court, wasting its and Pivot's time and resources.  He repeatedly claimed that the Refund Demand was authentic when he knew that wasn't true.  And he has continued to abuse Pivot's counsel for doing their job.  Pivot now moves the Court to put an end to this.  The Court should hold a hearing and issue a strong order reminding Mr. Horton of his obligation to refrain from making knowingly false statements to this Court and sanctioning him for his conduct to date.

**ARGUMENT**

In light of his false repeated false statements and abusive conduct, the Court should sanction Mr. Horton pursuant to its inherent authority.  A court may impose sanctions where a party has "acted in bad faith, vexatiously, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991) (citation omitted). "[I]f a court finds 'that fraud has been practiced upon it, or that the very temple of justice has been

defiled,'" it may sanction the responsible party. *Id.* (citing *Universal Oil Products Co. v. Root Refining Co.*, 328 U.S. 575, 580 (1946)); *see also ConsumerDirect, Inc. v. Pentius, LLC*, 2023 WL 8876198, at *9 (C.D. Cal. Sept. 21, 2023) (finding that a party committed fraud on the court by continuing to lie about the existence of a document).

In *Dunn v. Hatch*, for example, an employer filed a motion to dismiss, claiming that the plaintiff had signed a contract, defeating his claims. 300 F. Supp. 3d 1151, 1156–57 (D. Idaho 2018). The employer submitted the purported contract and two affidavits, claiming it was authentic. The contract proved to be a forgery, however, and the Court found the forgery and false representations were exactly the kind of bad faith misconduct its inherent authority was meant to address. *Id. See also Sun World, Inc. v. Lizarazu Olivarria*, 144 F.R.D. 384, 390 (E.D. Cal. 1992) (default judgment warranted where defendant submitted falsified documents to support its position).

Mr. Horton relied on a forged Refund Demand as part of his scheme to use litigation to extort money out of a company that did nothing wrong. He then continued to make false statements to this Court, including in his motion to dismiss and multiple filings, representing that the forged Refund Demand is authentic. He apparently deleted his entire outbox to conceal that forgery. Horton "has had many opportunities to rebut or explain the charge of forgery, but has not done so." *Dunn*, 300 F. Supp. 3d at 1157. His continued attacks on Pivot counsel, which are simply doing their job, proves that he knows his conduct is wrongful, further evidencing his bad faith. His "willful conduct satisfies the 'high threshold' for finding that [Horton] acted in bad faith, and warrants an award of sanctions." *Id.*

Pivot respectfully asks the Court to hold a hearing, where Mr. Horton is required to appear in person, to address Horton's misconduct and determine what sanctions are necessary to deter further abuse.

*[Signature Appears on Following Page]*

DATED: January 20, 2025

**WATSTEIN TEREPKA LLP**

*/s/ Ryan D. Watstein*
Ryan D. Watstein (*admitted pro hac vice*)
ryan@wtlaw.com
Patrick J. Fitzgerald (*admitted pro hac vice*)
pfitzgerald@wtlaw.com
1055 Howell Mill Road, 8th Floor
Atlanta, Georgia 30318
Tel. (404) 782-0695

*Attorneys for Plaintiff*
*PivotHealth Holdings, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2025, I caused a true and correct copy of the foregoing to be electronically filed a with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record and via email and U.S. first class mail, postage prepaid as follows:

Lucas Horton
1202 Stratford
Richardson, TX 75080
Email: lukeduke365@yahoo.com

/s/ *Ryan D. Watstein*
Ryan D. Watstein