1  Ryan D. Watstein (*admitted pro hac vice*)
   Georgia Bar No. 266019
2  Patrick J. Fitzgerald (*admitted pro hac vice*)
   Georgia Bar No. 405638
3  **WATSTEIN TEREPKA LLP**
4  1055 Howell Mill Road, 8th Floor
   Atlanta, Georgia 30318
5  Telephone: 404-782-0695
6  ryan@wtlaw.com
   pfitzgerald@wtlaw.com
7

8  *Counsel for Plaintiff PivotHealth Holdings, LLC*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| PivotHealth Holdings, LLC, | |
| Plaintiff, | |
| v. | Civil Action 2:24-cv-01786-MTL |
| Lucas Horton, | |
| Defendant. | |

## PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff PivotHealth Holdings, LLC, writes to inform this Court of authority related to Defendant Lucas Horton's Motion to Dismiss. ECF No. 12.

Horton moved to dismiss Pivot's Complaint for lack of personal and subject matter jurisdiction. ECF No. 12. Regarding the latter, he baldly stated that "not much time was invested" in Pivot's defense of his earlier lawsuit against Pivot and that Pivot caused its own damages by allegedly violating the TCPA. ECF Nos. 12, 18. He failed to support these statements with any evidence and the motion was an attack on the merits of Pivot's claims (*i.e.*, an attempt to prove his prior lawsuit against Pivot was meritorious). It thus could not be resolved at the pleading stage. ECF No. 23, 2.

*Healthcare Inc., et al., v. Robert Doyle*, 2025 WL 1094309, at *4 (D. Ariz. Apr. 11, 2025) involved a remarkably similar challenge. There, Healthcare, Inc. (which is a Pivot corporate affiliate) initiated a breach of contract and wrongful litigation action after Robert Doyle brought and then dismissed a frivolous TCPA lawsuit. Doyle moved to dismiss for lack of subject matter jurisdiction, arguing he never entered into a contract with Healthcare, Inc. *Id.* at *3–4.

The Court denied his motion, explaining that "the jurisdictional and substantive issues are not just intertwined but the same." *Id.* at *3. After all, Healthcare, Inc. couldn't assert a breach of contract claim if the Court found Doyle never entered into a contract in the first place. Thus, despite being "framed as a jurisdictional challenge," the motion was improper and Doyle's arguments couldn't be resolved at "the pleading stage[.]" *Id.*

Like in *Doyle*, Horton's "jurisdictional" challenges here rest on his false allegation that Pivot did, in fact, violate the TCPA. Such a finding goes to the merits of Pivot's wrongful civil action claim. The Court should follow *Doyle*'s lead and reject Horton's jurisdictional challenges. *See also Castner v. First Nat'l Bank of Anchorage*, 278 F.2d 376, 379 (9th Cir. 1960) (judges who sit in the same district should strive to reach consistent decisions "to preserve the orderly functioning of the judicial process."); *Long v. Dick*, 38 F. Supp. 214, 218 (S.D. Cal. 1941) (while a decision by a court in the same district is not binding, "great weight should be given to the decision in the interests of uniformity.").

DATED: April 16, 2025

[*Signature on following page*]

**WATSTEIN TEREPKA LLP**

*/s/ Ryan D. Watstein*
Ryan D. Watstein (*admitted pro hac vice*)
ryan@wtlaw.com
Patrick J. Fitzgerald (*admitted pro hac vice*)
pfitzgerald@wtlaw.com
1055 Howell Mill Road, 8th Floor
Atlanta, Georgia 30318
Tel. (404) 782-0695

*Attorneys for Plaintiff*
*PivotHealth Holdings, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2025, I caused to be electronically filed a true and correct copy of the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

Lucas Horton
1202 Stratford
Richardson, TX 75080
Email: lukeduke365@yahoo.com

/s/ *Ryan D. Watstein*
Ryan D. Watstein