**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| PivotHealth Holdings LLC, | No. CV-24-01786-PHX-SHD |
| Plaintiff, | **ORDER** |
| v. |  |
| Lucas B. Horton, |  |
| Defendant. |  |

Pending before the Court are Lucas Horton's Motion for Issuance of Subpoena (Doc. 17) and PivotHealth Holdings LLC's ("Pivot") Motion for Sanctions and In Person Hearing (Doc. 25). The Court held a hearing on July 16, 2025, to discuss these pending motions and to set an in-person Rule 16 case management conference. (Doc. 36.)

Accordingly,

**IT IS ORDERED** setting a Rule 16 Case Management Conference for **Thursday, August 21, 2025, at 10:00 a.m. (MST)**, in Courtroom 502, 401 West Washington Street, Phoenix, AZ 85003 before Judge Sharad H. Desai. As explained on the record, the failure to comply with Court orders setting hearings may result in the imposition of sanctions, including potentially default.

**IT IS FURTHER ORDERED** that the parties are directed to meet, confer, and develop a Rule 26(f) Joint Case Management Report, which must be filed by **Friday, August 8, 2025**. It is the responsibility of Plaintiff(s) to initiate the Rule 26(f) meeting and prepare the Joint Case Management Report. Defendant(s) shall promptly and cooperatively

participate in the Rule 26(f) meeting and assist in preparation of the Joint Case Management Report.

The Joint Case Management Report shall contain the following information in separately-numbered paragraphs.

1. The parties who attended the Rule 26(f) meeting and assisted in developing the Joint Case Management Report;

2. A list of all parties in the case, including any parent corporations or entities (for recusal purposes), except for those entities which were already listed on the relevant party's corporate disclosure statement;

3. For any parties that have not been served, an explanation of why they have not been served, and a list of any parties that have been served but have not answered or otherwise appeared;

4. A statement of whether any party expects to add additional parties to the case or otherwise amend pleadings;

5. The names of any parties not subject to the Court's personal (or *in rem*) jurisdiction;

6. A description of the basis for the Court's subject matter jurisdiction, citing specific jurisdictional statutes. If jurisdiction is based on diversity of citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute. *See* 28 U.S.C. §1332;

7. A short statement of the nature of the case, setting forth the factual and legal basis of the claims and defenses (no more than one page per side);

8. A list of the elements of proof necessary for each count of the complaint and each affirmative defense. Where the burden of proof shifts, each party shall list the elements of the claim or defense that the party must prove in order to prevail. The list of the elements of proof must contain citations to relevant legal authority (i.e., United States statutory and/or administrative law, U.S. Supreme Court case law, Ninth Circuit Court of Appeals case law,

Arizona state case and statutory law, or other authority as dictated by conflicts of law rules);

9. A list of contemplated motions and a statement of the anticipated issues to be decided by those motions;

10. Whether the case is suitable for reassignment to a United States Magistrate Judge for all purposes or suitable for referral to a United States Magistrate Judge for a settlement conference;

11. The status of any related cases pending before this or other courts;

12. A discussion of any issues relating to preservation, disclosure, or discovery of electronically stored information ("ESI"), including the parties' preservation of ESI and the form or forms in which it will be produced;

13. A discussion of any issues relating to claims of privilege or work product;

14. A discussion of necessary discovery, which should take into account the December 1, 2015 amendments to Rule 26(b)(1) and should include:

    a. The extent, nature, and location of discovery anticipated by the parties and why it is proportional to the needs of the case;

    b. Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure;

    c. The number of hours permitted for each deposition. The parties also should consider whether a total number of deposition hours should be set in the case, such as twenty total hours for plaintiffs and twenty total hours for defendants. Such overall time limits have the advantage of providing an incentive for each side to be as efficient as possible in each deposition, while also allowing parties to allocate time among witnesses depending on the importance and complexity of subjects to be covered with the witnesses;

15. Proposed deadlines for each of the following events. In proposing deadlines, the parties should keep in mind the Case Management Order will contain

deadlines to govern this case and once the dates have been set the Court will vary them only upon a showing of good cause. A request by counsel for extension of discovery deadlines in any case that has been pending more than two years (calculated from the date the initial complaint is filed) must be accompanied by a certification stating the client is aware of and approves of the requested extension. The Court does not consider settlement talks or the scheduling of mediations to constitute good cause for an extension. The parties must propose the following:

 a. A deadline for the completion of fact discovery, which will also be the deadline for pretrial disclosures pursuant to Rule 26(a)(3). This deadline is the date by which all fact discovery must be *completed*. Discovery requests must be served and depositions noticed sufficiently in advance of this date to ensure reasonable completion by the deadline, including time to resolve discovery disputes. Absent extraordinary circumstances, the Court will not entertain discovery disputes after this deadline;
 b. Dates for full and complete expert disclosures and rebuttal expert disclosures, if any;
 c. A deadline for completion of all expert depositions;
 d. A date by which any Rule 35 physical or mental examination will be conducted if such an examination is required by any issues in the case;
 e. A deadline for filing dispositive motions;
 f. Case-specific deadlines and dates, such as the deadline to file a motion for class certification or a date on which the parties are available for a *Markman* (patent claim construction) hearing; and
 g. A date by which the parties shall have engaged in face-to-face good-faith settlement talks;

16. Whether a jury trial has been requested and whether the request for a jury

trial is contested, setting forth the reasons if the request is contested;

17. Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1; and

18. A statement indicating whether the parties would prefer that the Court hold a Case Management Conference before issuing a scheduling order—and, if so, an explanation of why the conference would be helpful.

**IT IS FURTHER ORDERED** the parties shall attach a proposed Case Management Order containing all the proposed dates at the same time they file the Rule 26(f) Case Management Report. The proposed Case Management Order must also be emailed in Word format to Desai_chambers@azd.uscourts.gov. The Court's Case Management Order template is available at www.azd.uscourts.gov under: Judges' Information → Orders, Forms and Procedures → Desai, Sharad H.

**IT IS FURTHER ORDERED** that Horton's Motion for Issuance of Subpoena (Doc. 17) is denied as moot, for the reasons stated on the record.

**IT IS FURTHER ORDERED** that the Court will hear argument on Pivot's Motion for Sanctions (Doc. 25) as to Horton's alleged abusive conduct at the same time as the Case Management Conference. The Court declines to decide the remainder of the Motion for Sanctions, which relates to allegations of Mr. Horton's dishonesty, at this time.

Dated this 16th day of July, 2025.

_____
Honorable Sharad H. Desai
United States District Judge