1  Ryan D. Watstein (*admitted pro hac vice*)
   Georgia Bar No. 266019
2  Patrick J. Fitzgerald (*admitted pro hac vice*)
   Georgia Bar No. 405638
3  **WATSTEIN TEREPKA LLP**
4  1055 Howell Mill Road, 8th Floor
   Atlanta, Georgia 30318
5  Telephone: 404-782-0695
6  ryan@wtlaw.com
7  pfitzgerald@wtlaw.com

8  *Counsel for Plaintiff PivotHealth Holdings, LLC*

9

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| PivotHealth Holdings, LLC, | |
| Plaintiff, | |
| v. | Civil Action 2:24-cv-01786-MTL |
| Lucas Horton, | |
| Defendant. | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SANCTIONS**

### I.  INTRODUCTION

Mr. Horton's motions for sanctions is frivolous and must be denied. Rule 26(d)(1) provides that the parties can agree to take early discovery. Fed. R. Civ. P. 26(d)(1) (providing discovery commences after the Rule 26(f) conference, "except . . . when authorized . . . by stipulation"). As Mr. Horton explains in his motion, that's precisely what happened here: "Mr. Fitzgerald contacted me about his own subpoena to Yahoo, Inc. We squabbled over the dates a little, *but then I agreed to it*[.]" ECF No. 42. That subpoena established that Mr. Horton spoliated evidence. Upset that he was caught red-handed, Mr. Horton now asks the Court to sanction Pivot for issuing the subpoena he agreed to and received a copy of in compliance with Rule 45(a)(4) nine months ago. ECF No. 21-2, at 2 (email exchange providing Mr.

1

Horton with a copy of the subpoena).[1] The Court should deny Mr. Horton's motion and instruct him to refrain from further frivolous filings that serve only to increase the amounts that Pivot seeks to recover from him.

## II. BACKGROUND

On November 1, 2024, Lucas Horton asked this Court to issue a request to Yahoo for "[a]ll sent emails from lukdeuke365@yahoo.com from 10/10/2022 until 11/10/2022[.]" ECF No. 17-1. He allegedly wanted to "dispel that fiction [that he forged an email allegedly from his lukeduke365@yahoo.com account]." ECF No. 17. He wasn't asking the Court to take early discovery, nor did he need to because Pivot agreed to early discovery on this issue. Instead, as a pro se litigant with no authority to issue a subpoena, he needed the Clerk to issue the request on his behalf. Fed. R. Civ. P. 45(a)(3).

Mr. Horton's request was a bluff. He thought Pivot would drop its suit in response to his willingness to ask for a subpoena, because that willingness suggested he must not have fabricated the email that served as the basis for his prior suit against Pivot. But Pivot didn't fall for it. Instead, Pivot agreed that the Yahoo discovery was necessary and there was no reason to wait. Accordingly, Pivot contacted Mr. Horton on November 15, 2024, and volunteered to use its authority under Rule 45(a)(3) to issue a subpoena. ECF No. 21-2, 3–5. Pivot asked Mr. Horton to sign a consumer consent form, which would expedite the response, but he complained about the time frame in the proposed subpoena and said he "only consent[s] to sent emails[.]" ECF No. 21-2, 5. Pivot agreed to narrow its request in response.

Confirming Pivot's abuse of process claim, Yahoo had no record of Mr. Horton (at lukeduke365@yahoo.com) emailing memberservices@pivothealth.com on October 13, 2022. ECF No. 25. In fact, Yahoo had no record of *any outbound emails* from the lukeduke365@yahoo.com account between October 10 and November 1, 2022, even though

---

[1] Because Pivot served Mr. Horton with a copy of the Subpoena by email, the undersigned asked him to clarify his position that Pivot allegedly violated Rule 45(a)(4). He responded that he didn't "remember getting a copy," but ultimately conceded that he did. Accordingly, Pivot limits its response to the alleged Rule 26(g) violation.

Mr. Horton emailed Pivot's former counsel from the lukeduke365@yahoo.com account during that same time. Yahoo confirmed it did not delete the emails, so the only possible explanation is that Mr. Horton deleted those outbound emails, presumably after he received notice of the subpoena. ECF No. 29-1 (Yahoo declaration).

### III.   ARGUMENT

Because Mr. Horton consented to early discovery by asking the Clerk to issue a subpoena and then *expressly* via email with Pivot, the parties stipulated to early discovery on this narrow issue. As such, Pivot's subpoena was entirely permissible under the plain language of Rule 26(d) (expressly permitting early discovery by stipulation of parties). And by waiting nearly nine months to file this motion, Mr. Horton waived any complaints about the subpoena he agreed to. *See, e.g.*, *Coleman v. Starbucks*, 2015 WL 2449585, at *8 (M.D. Fla. May 22, 2015) (defendant waived alleged discovery violation by waiting two months before filing a motion).

Unsurprisingly, the cases Mr. Horton cites are completely inapposite. *Deuss v. Siso* involved a jilted spouse who sought to recover an alleged engagement gift after the defendant called off the wedding. 2014 WL 4275715, at *4 (N.D. Cal. Aug. 29, 2014). The plaintiff served discovery before the defendant entered an appearance, including a subpoena to depose the defendant's mother. The turnaround time for the request was so fast that the deponent had to appear at her deposition without counsel. *Id.* at *3. The discovery was a transparent attempt to give plaintiff an unfair advantage in discovery, allowing plaintiff to conduct merits discovery before the defendant had a chance to object. *Id.*

In contrast, Pivot served a copy of the subpoena on Mr. Horton two months after he entered his appearance, and only after he asked the Court to issue the exact same discovery.[2]

---

[2] *Mick Haig Productions, E.K. v. Does 1-670* is similarly distinguishable. 2011 WL 5104095, at *1 (N.D. Tex. Sept. 9, 2011). That case involved a copyright infringement claim against John Does, which the plaintiff dismissed after he obtained information under subpoena identifying additional defendants. The Court later discovered that the plaintiff was using the information he improperly obtained in discovery to send demand letters to the other John Does, notwithstanding that the Court appointed ad litem attorneys to protect the John Does from such tactics. *Id.* at *2, 5.

Pivot even agreed to narrow the scope of its request in response to Mr. Horton's concerns.[3]

### IV. CONCLUSION

In light of the foregoing, Mr. Horton's motion is entirely without merit. The Court should deny it and order Mr. Horton not to further expand these proceedings with vexatious, meritless filings.

DATED: August 15, 2025

**WATSTEIN TEREPKA LLP**

*/s/ Patrick J. Fitzgerald*
Ryan D. Watstein (*admitted pro hac vice*)
ryan@wtlaw.com
Patrick J. Fitzgerald (*admitted pro hac vice*)
pfitzgerald@wtlaw.com
1055 Howell Mill Road, 8th Floor
Atlanta, Georgia 30318
Tel. (404) 782-0695

*Attorneys for Plaintiff PivotHealth Holdings, LLC*

---

[3] Setting all this aside, Mr. Horton cannot recover expenses, the relief he seeks in his frivolous motion (at 6). As a pro se litigant, he must invoke the Court's inherent authority. *Surowiec v. Cap. Title Agency, Inc.*, 790 F. Supp. 2d 997, 1011 (D. Ariz. 2011) (explaining that fees are only awardable to a pro se litigant through the Court's inherent authority). That requires evidence of bad faith, where the party acted "vexatiously, wantonly, or for oppressive reasons." *Id.* (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)). Needless to say, Mr. Horton has made no such showing concerning the subpoena that he asked the Court to issue and then agreed Pivot could issue, after Pivot made his proposed edits to it.

He also baldly accuses the undersigned of "harassing and threatening" him to conduct a Rule 26(f) conference in February 2025. Mr. Horton's attempt to deflect from his documented pattern of abusive language, fabrication of evidence and frivolous filings is false, which is why he cites nothing in support.

4

**CERTIFICATE OF SERVICE**

  I hereby certify that on August 15, 2025, I caused to be electronically filed a true and correct copy of the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all parties and counsel of record.

Lucas Horton
1202 Stratford
Richardson, TX 75080
Email: lukeduke365@yahoo.com

          */s/ Patrick J. Fitzgerald*
          Patrick J. Fitzgerald