UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| PivotHealth Holdings, LLC, § | |
| Plaintiff, § | |
| § | Case No: CV-24-01786-PHX-MTL |
| V § | |
| § | |
| Lucas Horton § | |
| Defendant. § | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTIONS FOR SANCTIONS**

**INTRODUCTION**

Mr. Fitzerald's reply to the Plaintiff's was filed simply because one had to be filed. There was nothing of substance in it and it had no basis in law. Fitzgerald's main claim is that Horton agreed to early discovery and/or that they obtained a stipulation. Horton did not agree to early discovery, was never asked if he agreed to early discovery, and Fitzgerald never obtained a stipulation.

When Horton agreed to the subpoena, he was agreeing to the date parameters of the subpoena, not to send it early. Horton had already sent his own subpoena and was waiting for the judge to sign it, or at least for the 26(f) conference, as Mr. Fitzgerald should have done.

**Argument**

The Defendant never consented to early discovery and Mr. Fitgerald can't show that he did, knowingly or not. The proper procedure is to request the Court for leave to conduct early discovery. That did not happen.

Contrary to Mr. Fitzgerald's wishes, *Duess v Siso* is very applicable. Mr. Fitzgerald wants to cloud the issue by throwing in the jilted spouse who wanted their ring back. None of that

-1-

matters. What matters is that the subpoenas were sent before the 26(f) conference, just as in this instance. None of the noise the Mr. Fitzgerald tries to create is relevant to the issue.

Mr. Fitgerald does the same thing with *Mick Haig Productions, Ek v Does 1-670*. The specifics of what happened are immaterial. What matters is that early discovery was attempted before it was appropriate, and just as in this case, and the judge ruled that way.

Mr. Fitzgerald claims that the Defendant authorized early discovery by stipulation. Where is the stipulation? Where is the motion? Where is the agreement? Where is court approval for the stipulation?

In *Zappia v. World Savings F.S.B.*, No 14-CV-1426-WQH (DHB), 2015 U.S. Dist. LEXIS 47245, 2015 WL 1608921 (S.D. Cal. April 10, 2015), the court wrote, "A court may permit early discovery if the requesting party demonstrates good cause. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 – (N.D. Cal. 2002). Mr. Fitzgerald never requested early discovery, much less demonstrated any good cause. He was simply afraid the motion to dismiss would be granted.

The court in *Zappia* also wrote, "Further, the Court has not issued any order permitting early discovery, and Wells Fargo has not agreed [*6] to early discovery by stipulation. Therefore, Plaintiff improperly noticed the depositions prior to the opening of discovery in violation of Rule 26(d)(1)." If you apply that to this situation, it is clear that Mr. Fitzgerald issued his subpoena to Yahoo in violation of the rules and should be sanctioned.

Yet another relevant authority is *Dixon v. Bd. Of County Comm'rs Of The County Ok Oklahoma,* No. Civ-15-196-R, 2016 U.S. Dist. LEXIS 127172, 2016 WL-5017332 (WD OKLA, Sep. 19, 2016), in which the Court wrote that, "Rule 26(d)(1) of the Federal Rules of Civil Procedure

provide that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in proceedings exempted from initial disclosures under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." The court further said that, "Although the parties present a series of emails between counsel regarding discovery response due dates, there is no indication that counsel agreed specifically that early discovery would be permitted. The Court finds that Defendants' discovery was premature."

That is almost exactly what happened here. Horton and Fitzgerald discussed the parameters of the subpoena. However, Horton never authorized early discovery, nor did Fitzgerald file a motion allowing for it.

Some of these ruling might rely on local rules that Arizona doesn't have. However, that does not change the fact that Federal Rules were broken. That local rules were also broken in those cases was just icing on the cake.

## CONCLUSION

For the foregoing reasons, Horton respectfully requests that the Court sanction Mr. Fitzgerald, Mr. Watstein, Watstein Terepka LLP, and the Defendant for conducting early discovery without authorization. The Plaintiff did not authorize early discovery and no stipulation was acquired or even requested from the Court.

Dated: 8/18/2025                Respectfully submitted,

*[signature]*

_____

Lucas Horton
lukeduke365@yahoo.com
1202 Stratford Dr
Richardson, TX 75080
Tel: (214) 909-3341
**Plaintiff**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served, pursuant to Federal Rule of Civil Procedure 5, via ECF on Aug 18, 2025, and to:

Patrick Fitzgerald
Watstein Terepka LLP
75 14th St NE, ste 2600
Atlanta, Ga 30309
pfitzgerald@wtlaw.com