# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PivotHealth Holdings LLC,<br><br>  Plaintiff,<br><br>v.<br><br>Lucas B. Horton,<br><br>  Defendant. | No. CV-24-01786-PHX-SHD<br><br>**ORDER** |

Before the Court are Plaintiff PivotHealth Holdings, LLC's, ("Pivot") Motion for Sanctions, (Doc. 25), and Defendant Lucas Horton's Motion for Sanctions and Declaration of Facts, (Docs. 41 and 42). At the hearing held on July 16, 2025, the Court declined to consider the bulk of Pivot's Motion for Sanctions relating to allegations of Horton's dishonesty, deferring that issue for summary judgement or trial in this matter. (Doc. 37.) At the hearing held on August 21, 2025, the Court heard argument on the remainder of Pivot's Motion for Sanctions pertaining to Horton's alleged abusive conduct, as well as Horton's Motion for Sanctions, taking those matters under advisement. (Doc. 47.) The Court considered the parties' briefing and the arguments presented at the hearing, and now issues its ruling on the parties' Motions.

Regarding Pivot's Motion for Sanctions, the Court finds that Horton engaged in abusive conduct as described by the Court at the August 21 hearing. (*See* Doc. 25-1 at 5–11 (Ex. A).) Pivot stated that it does not seek monetary sanctions and only seeks an order from the Court requiring Horton to behave in a civil manner. Horton did not object to such

an order. Therefore, the Court will issue the requested order and make it applicable to all parties.

Regarding Horton's Motion for Sanctions, the Court finds that Pivot violated Rule 26(d)(1) by prematurely issuing a subpoena to third-party Yahoo Inc. That rule states, in pertinent part, that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by *stipulation*, or by court order." Fed. R. Civ. P. 26(d)(1) (emphasis added). Here, the Court did not authorize the subpoena and the record indicates that there was no stipulation. Although Horton had sought leave to issue his own subpoena requesting essentially the same documents from Yahoo and had expressed agreement with some parameters of Pivot's subpoena, by November 15, 2024 he had stated that he did not agree to the subpoena. (*See* Doc. 25-1 at 6–8; *see also* Doc. 25 at 4–5 (recognizing that on or before November 15, 2024, Horton had "announced he would oppose Pivot's subpoena").) Nonetheless, Pivot issued the subpoena on November 18, 2024. (Doc. 25-1 at 15 (Ex. B).)

At the August 21 hearing, Pivot explained that it believed it had Horton's implied consent to send the subpoena given that he had aligned on the date range for the requested documents and had sought to issue his own subpoena to Yahoo for the same material, and that moving forward with the subpoena conserved judicial resources. Although Pivot may have had a good faith basis to believe—or at least argue—it had Horton's implied consent, Rule 26(d)(1) requires a *stipulation* before a party can commence early discovery. There was no such stipulation here given Horton's clear opposition to issuance of the subpoena on November 15, 2024. *See* LRCiv. 83.7 ("No agreement between parties or attorneys is binding, if disputed, unless it is in writing signed by the attorney of record or by the unrepresented party, or made orally in open court and on the record . . . ."); *see also Stipulation*, Black's Law Dictionary (12th ed. 2024) ("A voluntary agreement between opposing parties concerning some relevant point; esp., an agreement relating to a proceeding, made by attorneys representing adverse parties to the proceeding").

Horton has requested $3,000 as a sanction for the time he expended preparing and

briefing his Motion for Sanctions.  Citing *Surowiec v. Capital Title Agency, Inc.*, Pivot asserts the "general rule" that "[w]ith respect to pro se litigants," "attorneys' fees are not a payable 'expense' under Rule 37 'as there is no direct financial cost or charge associated with the expenditure of one's own time,'" but recognizes the Court's inherent power to award such a sanction.  790 F.Supp.2d 997, 1011 (D. Ariz. 2011).  Based on the circumstances here, the Court does not believe a financial sanction would be appropriate because Horton has not suffered any harm from the premature issuance of the subpoena given that (a) he sought to issue a similar subpoena to Yahoo, (*see* Doc. 17), and (b) he waited approximately nine months to raise this issue with the Court, long after Pivot gave him notice that it would issue the subpoena, (Doc. 25-1 at 6), and long after Yahoo responded.

Accordingly,

**IT IS ORDERED denying in part and granting in part** Pivot's Motion for Sanctions (Doc. 25);

**IT IS FURTHER ORDERED** that the parties shall treat each other civilly in their interactions during this litigation;

**IT IS FURTHER ORDERED denying** Horton's Motion for Sanctions (Docs. 41 and 42).

Dated this 22nd day of August, 2025.

_____
Honorable Sharad H. Desai
United States District Judge