UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| PivotHealth Holdings, LLC, | § |
| Plaintiff, | § |
| | §     Case No: CV-24-01786-PHX-MTL |
| V | § |
| | § |
| Lucas Horton | § |
| Defendant. | § |

**STATEMENT OF FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW the Defendant Lucas Horton, pursuant to Civ 56.1, with a statement of facts in support of his Motion For Summary Judgment.

### Statement of Facts

1. Defendant Lucas B. Horton, a Texas resident, has a phone number ending in 0625 that has been on the National Do Not Call List since June 2020.

2. Beginning in 9/6/2022 Horton received multiple unsolicited telemarketing calls promoting PivotHealth's insurance products at the end of 2022. After receiving numerous calls, Horton bought a Pivothealth health insurance policy as a result of one of these calls, allowing him to identify the caller. *See Horton Declaration Par 3*.

3. On Nov 4th, 2022, the Defendant filed a TCPA lawsuit against Rank Media USA, LLC. Case No. 3:22-cv-02476-D for the same calls in the underlying issue against Pivot. *See Horton Declaration Par 9*.

4. On Dec 30th, 2022, the Defendant settled with Rank Media. However, the release signed by the Defendant did not include Pivothealth, despite listing other companies to be released. *See Horton Declaration Pars. 10,11*.

5. The settlement with Rank Media was far lower than what they were liable for, so the Defendant decided to hold Pivot accountable for their roles in the calls as well. *See Horton Declaration Par*

*11*.

6. On 12/07/2023, Defendant filed a TCPA lawsuit against the Plaintiff in the Northern District of Texas, case no. 2:2023cv02533. Horton knew that Pivot had not physically made the calls, however he had an objectively reasonable belief they were vicariously liable because:

    - His credit card was charged by the Pivot.
    - He received welcome emails from the Pivot's web domain after purchasing the health insurance policy.
    - He received a policy manual packet with, "Marketed by PivotHealth" dominantly displayed on the top of the cover page.
    - He was sent an email with a link to create a profile in the "Pivot Health Member Portal" by an email from Pivot's web domain.
    - He was sent an ID card with Pivot's name and number on it.
    - If you google the number on the Plaintiff's credit card bill, the Defendant's Google business profile is returned. *See Horton Declaration Pars. 4-8*.

7. Eventually, the case was transferred to this Court. But, after Pivot lied about its relationship with the companies that made the calls during discovery, Horton felt he could not continue the lawsuit without proof of an agency relationship. *See Horton Declaration Pars. 12-14*.

8. At some point, Horton had provided Pivot's attorneys with an email he sent to Pivot requesting a refund for 1 of his payments that they allege was fabricated.

9. Pivot never raised that allegation before the judge in the Underlying Action, never sought sanctions under Rule 11 or 37, and never moved for attorneys' fees or costs.

10. Attorney's fees and costs were not available to Pivot in the underlying issue.

11. The underlying issue was dismissed by Horton with prejudice on April 26, 2024. *See Horton Declaration Par. 10*.

12. That claim and all the issues surround it are *res judicata* and therefore not able to be brought up again in a new complaint.

13. On 7/19/2024, Pivot filed this lawsuit against Horton for, "wrongful institution of a civil proceeding… and his abuse of process therein." They are asking for legal fees in this and the underlying issue, as well as damages and punitive measures.

14. The TCPA is not a fee shifting statute and follows the American rule, which is that each party pays their own legal fees. See *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240 (1975).

15. The principal grounds under which the American common law would permit attorney's fees to be awarded are the "bad faith" and "common fund" theories. Neither apply here. The "bad faith" theory allows an award where a party has willfully disobeyed a court order or has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *F.D. Rich Co. v. Industrial Lumber Co.*, 417 U.S. 116, 129 (1974). Horton filing the underlying issue was none of those things.

16. Horton believed and still believes that Pivot hired Rank Media and is vicariously liable for the calls in the underlying issue. A company like Rank Media isn't going to risk TCPA liability calling consumers to sell Pivothealth insurance plans for free. Accordingly, Horton had every right to file the underlying issue against Pivot and did so in good faith. *See Horton Declaration Par. 12*.

17. Pivot only has claims that 1 email out of 6 refund requests was forged.

18. They have nothing that proves that Horton forged an email and any "evidence" they have is not incontrovertible and has had holes poked in it by Horton.

19. Horton did not forge an email.

20. The attorney's fees Pivot is trying to recoup are not reasonable by any means. "The amount of attorney's fees to be awarded is generally determined by multiplying the reasonable number of hours expended on a case by the reasonable hourly rate at which counsel should be compensated. See *Blum v. Stenson*, 465 U.S. 886 (1984); *Hensley v. Eckerhart*, 461 U.S. 424 (1983). Indeed, the lawfirm representing Pivot bills itself as a "elite litigation and compliance

boutique", which undoubtedly means they are not charging a reasonable rate.[1]

Dated: 1/14/2026          Respectfully submitted,

_____

Lucas Horton
lukeduke365@yahoo.com
1202 Stratford Dr
Richardson, TX 75080
Tel: (214) 909-3341

---

[1] https://wtlaw.com/what-we-do/

## DECLARATION OF LUCAS HORTON

I, Lucas Horton, declare:

21. I am over the age of 18.  Unless context provides otherwise, the information contained in this declaration is based upon my personal knowledge and experience in dealing with Pivothealth Holdings and the calls in the Underlying Issue.

22. I have a phone number ending in 0625 that has been on the National DNC list since June 2020.

23. Beginning on 9/6/2022, I received 13 calls from the "healthcare enrollment center".  During the 14th call, received on 10/10/2022, I bought a Pivothealth health insurance policy because I wanted to see who was responsible for the calls.

24. My credit card was card was charged by "Pivot Health"

25. After being billed by Pivot, I received a welcome email from memberservices@pivothealth.com.

26. I also received an email from Pivot with a welcome packet that had "Marketed by PivotHealth" dominantly displayed on the top of the cover page.

27. I also received another email from Pivot to create a profile in the "Pivot Health Member Portal"

28. I was sent an ID card with Pivot's name and phone number on it.

29. I knew Pivot was involved in the calls, but didn't make them, so I began trying to find out who made the calls.  I do not remember how, but eventually identified Rank Media as the caller and filed a lawsuit against them on Nov 4th, 2022.  Case No. 3:22-cv-02476-D.

30. I settled with Rank Media on Dec 20th, 2022, but the agreement I signed did not name Pivot as a released party.

31. The settlement with Rank Media was far lower than what they were liable for, so I decided to hold Pivot accountable for their roles in the calls as well.

32. Due to all the emails I received from Pivot, and the fact that they billed by credit card, I did and still believe that Pivot was vicariously liable and responsible for the calls, and since they were not

listed in the agreement, I filed a complaint against them on 12/7/2023, case no. 2:2023cv02533.

33. My goal during discovery was to establish an agency relationship between Pivot and Rank Media. However, Pivot was not forthcoming about its relationship with Rank Media and denied the existence of one.  However, it is impossible that Rank Media would be making illegal calls to sell Pivot health plans without some kind of business relationship where Rank Media is incentivized to do so. It just wouldn't happen.

34. Without being able to prove the agency relationship, I felt I had no way to continue the lawsuit with any hope of winning.

35. As a result of Pivot's dishonesty, I filed a motion to dismiss the underlying issue, which was dismissed with prejudice on April 26, 2024.

36. I have filed over 50 pro se TCPA lawsuits and only do so when I have definitive proof of an offender's guilt.  That is usually just the company's name on my credit card statement. However, in this case I had far more evidence that Pivot was responsible for the calls than I typically do. Yet, I have never been accused of anything I have been accused of in this complaint by anyone else.

    I declare under penalty of perjury under the laws of the State of Texas, Arizona and the United States of America that the foregoing is true and correct.

Executed on January 14, 2026, in Dallas, Texas.

_____

Lucas Horton
lukeduke365@yahoo.com
1202 Stratford Dr

Richardson, TX 75080
Tel: (214) 909-3341