# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | | |
|---|---|---|
| **PivotHealth Holdings, LLC,** | § | |
| **Plaintiff,** | § | |
| **V** | § | **Case No: CV-24-01786-PHX-MTL** |
| **Lucas Horton** | § | |
| **Defendant.** | § | |

## **DEFENDANT'S REPLY TO PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

### Introduction

Again, Pivot's counsel fills their response with lies, suppositions, and wishes, most of which have been recycled from their Motion for Summary Judgment. That doesn't make the arguments any more viable than they were then.  It is impossible just to quote one example, because so much of what Watstein says is ridiculous. Horton had more than probable cause to file the underlying motion.  PERIOD.  Horton did not dismiss the underlying issue because he, "came to his senses and accepted his obligation to refrain from knowingly false claims".  It was solely because Pivot lied in discovery and made it impossible for Horton to continue the claim. And Horton has challenged Pivot's claim of wrongful institution of civil proceedings every single chance he is given the opportunity to.  And he is leaning on the merits of the case for the court to absolve him, not the fact that he is pro se.

That Pivot's claims accrued after the it filed its answer to the underlying issue is moot. Besides having an opportunity to address them by supplemental pleadings at that time, the relief they are seeking was never available to them as a matter of law, nor did they suffer any damages as a result of Horton's actions. Any damages they suffered are solely due to the fat that they hired someone to market their health insurance policies.

Pivot's only real "proof" that Horton forged one of the 6 refund demands is that he can't provide a copy of his request email.  As with God, that there is no proof of something does not mean it doesn't exist. Horton can't produce something that was deleted. EVERY single piece of evidence they try to use is not conclusive and has had holes poked in it by Horton.  Watstain finally grandstands for an entire paragraph at the end of his introduction when he laughingly claims:

> "Throughout the Underlying Action, Horton flouted the Court's rules when they stood in the way of his recovery. He asserted knowingly false claims, fabricated evidence, and spoliated records. His actions are antithetical to the integrity of the American Courts. Unless the Court stops him, he will continue to weaponize the courts and take scarce judicial resources from those who need them."

## Argument
### The Record Proves Wrongful Prosecution and Abuse of Process

The record proves no such thing. Horton has challenged everything Pivot claims, has not misstated anything, and has not seen any evidence of, "lack of probable cause, malice, favorable termination, and abuse of process."  Because there is none.

Again, Watstein claims that Horton hasn't not challenged Pivot's wrongful prosecution claims.  However, Horton has done so at every turn. Just as he has "substantively grappled" with the weak evidence that Pivot has offered to support their claims. It only seems as if Horton hasn't done much grappling because there isn't any real evidence that needs grappling with.

**Probable Cause.**  Again, Watstein makes wildly fantastical statements about Horton not having probable cause.  Horton has shown probable cause numerous times in other filings and will not respond to this repeat (and ridiculous) claim. He also uses the same failed authorities that he used in his Motion for Summary Judgment and/or reply to Horton's MSJ. They didn't work then and they don't apply now.  As is the case in numerous insyances, Watstein pretends to know what was

in Horton's mind when he claims that Horton didn't think he would succeed in the underlying

motion or that he didn't have a good chance of succeeding.  This is just stupid on Watstein's part.

As stated in other filings, Horton wouldn't waste the time and money on a complaint he wasn't

sure he would win.  He has ample evidence that Pivot was vicariously liable and based on his

previous experience, he would be able to prove it in discovery by requesting agreements between

Pivot and AHP and Rank Media.

Horton's first Sunpath complaint is mentioned again, wihtout bothering to do any research

about Horton's second lawsuit with Sunpath,  which shows that these callers do not just take it

upon themselves to risk TCPA lawsuits by selling another company's products without an

agreement. And in Horton's objections to Pivot's MSJ, he recounts how *Callier V Sunpath* exposed

that there WAS an agency relationship between Sunpath and Northcoast during the time of

Horton's first lawsuit against Sunpath.  The lawsuit was only dismissed because Horton not being

able to prove it.  Horton truly believed and still does that would have been successful in the

underlying issue had Pivot not lied in discovery.

And notice that not once in this entire process has Pivot offered in explanation as to how

or why a marketing company was contracted by AHP to sell Pivot plans. That is because the only

explanation is the one in the underlying issue. And that is that Pivot is vicariously liable for the

calls Horton received. Watstain keeps harping on the fact that Pivot didn't hire Rank Media. That is

because Pivot hired AHP, who then hired Rank Media to make the calls on Pivot's behalf. A

truthful discovery would have proven that.

**Malice**.  There is not a shred of evidence that shows Horton acted with malice.  Besides having

probable cause, Horton was using the underlying issue to secure the proper adjudication of his

claim.  To use Watstein's own clairvoyant claim against him, "For example, malice is proven where

the litigant knows his claim is meritless, or where he uses the claim to extort a settlement with no relation to the merits." How can Watstein know what was in Horton's mind? As far as Horton was concerned, his claim was valid and acted accordingly. There was nothing nefarious in his actions, nor is there anything Horton could have done to make the underlying issue as expensive as possible. Watstein did that on his own and Horton could have cared less what Pivot spent as they needed to be held accountable for their role in the calls Horton received.

Everyone knows that Horton called Pivot's counsel names. They have tattled about that every chance they get despite if being irrelevant to malice and the behavior of a child. Mr. Horton's poor opinion of Pivot's counsel had nothing to do with Horton's approach to the underlying issue, nor can it be used to show that Horton acted with malice with regard to the underlying issue.

**Favorable Termination**. It is unclear what version of reality it is that the underlying issue was resolved in Pivot's favor as it was only in their favor in that Pivot no longer had to defend itself. Yes, if the underlying issue had been pursued after Pivot lied in discovery, it would have probably resulted in a dismissal. But had Pivot been forthcoming, the underlying issue would not have been dismissed and been resolved in Horton's favor. Fitzgerald already made this failing argument and doubles down again, despite it being wrong. Watstein then makes the same lie Fitzgerald did when he says Horton dismissed the underlying issue HOURS after he was told about the Yahoo subpoena. It was DAYS. Regardless, that timeline means nothing, just like the absence of Horton's first refund request is not proof of anything.

**Damages**. Watstein's record show all of his claims to be true. But his record is not the factual record. Pivot might not be suing under the TCPA, but the underlying issue and a vast majority of

the facts are those of a TCPA complaint, which has no recourse for attorneys' fees. Regardless, there was no wrongful prosecution or abuse of process, so there can be no damages.

As far as the abuse of process, Horton doesn't deliberately or otherwise mischaracterize anything. Pivot has no unassailable proof that Horton forged the first refund request. Even if there was an abuse of process, the TX 301 cause of action was a one of 7 causes of action. And the refund request they claim was forged was 1 out of 6 requests in a single cause of action. So, the idea that Pivot's abuse of process claim entitles them to Horton footing the entire legal bill is ludicrous. The 1 forged email was a minute and minor part of the entire underlying issue, yet Pivot wants it to absolve them of the entire complaint Horton had against them.

Contrary to Watstain's claim, Horton rebuts every single piece of evidence they present in support that the email was forged. Watstein again repeats his argument about the timestamps and the Defendant refers the court to his motion for summary judgment and his objection to Pivot's summary judgment for the rebuttal as this is an old argument. It is almost as if Watstein copied and pasted this part of his objection from other filings.

Watstein tirelessly lies again when he claims that, "After years of pursuing the Underlying Action and ignoring Pivot's evidence that it didn't make the Calls, he agreed to dismiss an hour after Pivot told him it was going to subpoena Yahoo for the lukeduke365@yahoo.com email log. Pivot SOMF ¶¶ 51–52. He then deleted all records related to the 2022 Refund Demand. Id. ¶ 58. Finally, Horton defaulted on Pivot's requests for admission, proving forgery."

This was not the timeline and how could Watstein possibly know when Horton deleted anything? And as Horton stated in other filings, Horton deleted the emails once he dismissed the underlying issue and he was not obligated to respond to the discovery request Watstein refers to as it was untimely. Not that a default on a request for forgery would in any way prove or imply

forgery, which is another of the ridiculous statements made in these filings. Yet, this is the kind of "proof" Pivot is relying on.

### Burden Of Proof

Pivot relying on *Bradshaw* does not further their argument because there was no wrongful prosecution or any abuse of process. Again, Watstein is living in an alternate reality when he claims that Pivot's claims would "doubly survive" given the "substantive evidence and defaulted request for admission". It is also not true to say that the court rejected Horton's argument that no damages were sustained. The court never ruled that Pivot sustained damages; it ruled that Pivot was entitled to try and prove there were damages.

### Procedural Defenses & Initial Disclosure

If Horton failed so miserably at these parts of his defense as Watstein claims, it is because Horton is not an attorney. He has no experience with this kind of proceeding and is at a distinct disadvantage by not having an attorney. As such, he cannot respond to these sections of Pivot's filing and rests on his MSJ, leaving this to the Court to decide. Despite this, Horton still disputes Watstein's objections to the procedural portions of Horton's MSJ.

## Conclusion

The record establishes that Pivot fails to prove that Horton initiated the underlying issue without probable cause or with malice. Because they can't. Based on previous experience and the evidence of Pivot's involvement, Horton had every reason to believe that he would prevail based on the merits. Unfortunately, Horton ran into a brick wall when Pivot was not forthcoming in discovery. Nevertheless, Watstein wants to create an alternate world where fact don't matter and he knows what everyone is thinking.

It is Pivot's MSJ that does not confront the truth.  It misstates numerous facts, contains outright lies, and offers no basis for judgment as a matter of law.  For these reasons and more, the Court should deny Pivot's motion in its entirety and grant Horton's.

Dated: 1/22/2026                    Respectfully submitted,

_____

Lucas Horton
lukeduke365@yahoo.com
1202 Stratford Dr
Richardson, TX 75080
Tel: (469)-350-8428

**CERTIFICATE OF SERVICE**

I hereby certify that on January 12, 2026, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

_/s/ Lucas Horton_____

Lucas Horton