IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PivotHealth Holdings LLC,<br><br>    Plaintiff,<br><br>v.<br><br>Lucas B Horton,<br><br>    Defendant. | No. CV-24-01786-PHX-SHD<br><br>**SETTLEMENT CONFERENCE ORDER** |

  This case has been referred to United States Magistrate Judge Alison S. Bachus for a settlement conference (Doc. 81).  The purpose of the settlement conference is to facilitate resolution of the referenced case.

  Pursuant to Rule 16 of the Federal Rules of Civil Procedure and 28 U.S.C. §473(b)(5), **IT IS ORDERED** that all parties and, if represented, their counsel, shall appear by video teleconference before United States Magistrate Judge Alison S. Bachus on **March 6, 2026, at 9:00 a.m.**  The Court's IT department will provide the parties with connection information prior to the Conference. The Conference will continue until either the case settles, or the parties are no longer making meaningful progress.  If the parties prefer to appear in person in the courthouse, the parties must advise the Court at least fourteen (14) days prior to the Settlement Conference.

  Rule 408 of the Federal Rules of Evidence applies to all aspects of the Settlement Conference.  All communications and information exchanged during the settlement process, not otherwise discoverable, will not be admissible in evidence for any purpose.

All matters communicated expressly in confidence to the Court during the Settlement Conference will be kept confidential and will not be disclosed to any other party absent express consent to do so. At the conclusion of the Settlement Conference, all documents submitted by the parties will be returned, destroyed, or otherwise disposed of in the manner directed by the Court.

Prior to the Settlement Conference, the parties must negotiate and make a good faith effort to settle the case without the Court's involvement. Plaintiff(s) must deliver a written settlement demand to Defendant(s) at least **fourteen days** before the Settlement Conference. Defendant(s) must deliver a written response to Plaintiff(s) at least **seven days** before the Settlement Conference. Prior to the Settlement Conference, the Court may contact counsel for each party individually to schedule separate conference calls. During these conference calls, the Court will discuss the status of settlement and any matters to facilitate the Settlement Conference.

Each party must provide the Court with a Confidential Settlement Conference Memorandum at least **seven days** before the Settlement Conference. The parties may include with their Memoranda copies of exhibits they would like the Court to review prior to the Settlement Conference. However, the parties shall not include copies of any pleadings or other documents for review that were previously submitted to the Court and are already part of the record. The parties shall instead direct the Court to the location of any such pleadings or documents.

Each party's Confidential Settlement Conference Memorandum must not exceed five pages exclusive of attachments and must contain the following information:

1. A brief statement of the facts of the case;

2. An analysis of the claims or defenses as appropriate for the party, including citation to appropriate authorities, a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses, and a description of the major issues in dispute;

3. A summary of the proceedings to date, including rulings on motions, pending motions, and the status of discovery;

4. Whether there are distinct or dominant issues which, if resolved, would likely aid in the disposition of the case;

5. An estimate of the fees and costs incurred to date, as well as an estimate of the fees and costs to be expended for further discovery, dispositive motions, and trial;

6. A reasonable estimate of Plaintiff(s) alleged damages;

7. A summary of prior settlement discussions and offers;

8. Each party's current position on settlement; and

9. Any other information that the parties believe would help the Court facilitate the Settlement Conference.

The parties may deliver their Memoranda directly to chambers (Sandra Day O'Connor United States Courthouse, 401 West Washington Street, Phoenix, Arizona, 85003, Suite 323) or submit them by electronic mail (bachus_chambers@azd.uscourts.gov).  However, if a party's Memorandum with any exhibits exceeds twenty-five pages, the party must deliver a hard copy to chambers.  **The parties shall not file their Confidential Settlement Conference Memoranda with the Clerk of the Court.  The parties also shall not exchange their Confidential Settlement Conference Memoranda.**

Counsel who will be responsible for trial of the lawsuit for each party shall personally appear and participate in the Settlement Conference.  In addition, representatives of the parties with full and binding authority to dismiss and settle the case must be present unless expressly excused for good cause by timely motion and an order issued prior to the Settlement Conference.  If a party is an insured party, a representative of that party's insurer with full and binding authority to discuss and settle the case must appear at the Settlement Conference.

Counsel and any unrepresented party shall notify the Court in writing at least **five business days** before the Settlement Conference if one or more of the attorneys or unrepresented parties believe that the Settlement Conference would be futile because, for example, a party or insurer has adopted a position from which they refuse to deviate.  The Court will arrange a telephonic conference with counsel and any unrepresented party as soon as possible.  If the Court is not notified by either party that a Settlement Conference

would be futile, the Court will presume that all counsel, their clients, and any unrepresented party believe that there is a reasonable, good faith opportunity for settlement.

Absent good cause, if any party, counsel, or representative fails to promptly appear at the Settlement Conference, fails to comply with the terms of this Order, is substantially unprepared to meaningfully participate in the Settlement Conference, or fails to participate in good faith in the Settlement Conference, the Court may impose sanctions pursuant to Rules 16(f) and 37(b)(2) of the Federal Rules of Civil Procedure.

Dated this 10th day of February, 2026.

_____
Honorable Alison S. Bachus
United States Magistrate Judge