**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| **PivotHealth Holdings, LLC,**<br>**Plaintiff,** | § | |
| | § | |
| **V** | § | **Case No: CV-24-01786-PHX-MTL** |
| | § | |
| **Lucas Horton**<br>**Defendant.** | § | |

## DEFENDANT'S ANSWER TO COMPLAINT

Defendant Lucas B. Horton, appearing pro se, answers Plaintiff PivotHealth Holdings, LLC's Complaint (ECF No. 1) pursuant to Federal Rule of Civil Procedure 8. Except where expressly admitted, Defendant denies the introductory, unnumbered allegations of wrongdoing, fabrication, malicious conduct, and recoverable damages. Defendant responds to the numbered paragraphs as follows:

## RESPONSES TO NUMBERED ALLEGATIONS

1. Admits that Defendant has filed more than thirty actions under the TCPA and other consumer-protection laws and that the Underlying Action asserted TCPA and insurance-related claims. Admits that he asserted he had requested a refund. Denies that the Refund Demand was fabricated or that his litigation history establishes wrongdoing. Denies the remaining allegations.
2. Admits that Rank Media was identified as having placed the calls on behalf of American Health Plans ("AHP") and that Defendant sued Rank Media before proceeding against Pivot. Denies that he lacked a reasonable basis to investigate or assert Pivot's potential responsibility; denies that the Rank Media agreement unambiguously barred every claim against Pivot. Lacks knowledge sufficient to admit or deny all alleged relationships among Pivot, AHP, and Rank Media.
3. Admits that Defendant settled with Rank Media and continued to dispute Pivot's potential liability and the refund issue. Denies that Defendant knowingly prosecuted released or frivolous claims, sought to extort Pivot, or acted for an improper purpose.

Denies that Pivot's stated position conclusively established the absence of potential liability.

4. Admits that Defendant produced a document reflecting an October 13, 2022 refund request, that counsel challenged its authenticity and discussed a Yahoo subpoena, and that Defendant later voluntarily dismissed the Underlying Action. Denies fabricating evidence, capitulating because of a forgery, or dismissing the case for the alleged improper reason.
5. Admits that Defendant requested dismissal of the Underlying Action with prejudice and the Court granted dismissal. Denies that the dismissal involved a judicial finding that the underlying claims were fabricated or brought maliciously; disputes the characterization of the dismissal as a merits determination in Pivot's favor for purposes of its tort claims.
6. Admits that Pivot defended the Underlying Action and claims to have incurred expenses. Denies that Defendant committed malicious prosecution or abused process, denies that any such conduct caused legally recoverable damages, and denies that Pivot is entitled to punitive damages or restrictions on Defendant's future court filings.
7. Defendant lacks knowledge or information sufficient to form a belief as to Pivot's precise organization, membership, principal place of business, and its member's citizenship, and therefore denies those allegations under Rule 8(b)(5).
8. Admits that Defendant is a citizen of Texas and has filed more than thirty TCPA matters since 2020. Denies that the characterization "serial TCPA litigant" establishes any wrongdoing or improper motive.
9. Admits that the Underlying Action was transferred to the District of Arizona and was litigated there. Denies that he pursued frivolous claims or committed wrongful conduct in that district. The remaining allegations concern legal conclusions; Defendant preserves the jurisdictional and venue arguments previously raised to the extent permitted by law and the Court's rulings.
10. Denies directing unlawful conduct toward Arizona, knowingly pursuing frivolous or released claims, or disclosing a forged Refund Demand. The remaining jurisdictional allegations are legal conclusions. Defendant acknowledges that the Court previously denied his motion to dismiss for lack of personal jurisdiction.

11. Admits that Defendant is a Texas citizen and that Pivot asserts diversity jurisdiction and damages exceeding $75,000. Lacks knowledge sufficient to admit or deny Pivot's complete citizenship and asserted amount in controversy, and denies that Pivot sustained damages through any unlawful conduct by Defendant.
12. Admits that Defendant received documentation identifying the insurance product as Pivot-branded. Defendant lacks knowledge sufficient to admit or deny the remaining details of Pivot's internal insurance-carrier arrangements and therefore denies them.
13. Defendant lacks knowledge sufficient to admit or deny Pivot's general marketing operations, hiring practices, and relationships with third-party marketers. Denies any implication that the facts known to Defendant foreclosed a reasonable belief in potential direct or indirect liability.
14. Admits that a Pivot-branded policy was purchased through an insurance intermediary and that Pivot communicated with Defendant about the policy. Defendant lacks knowledge sufficient to admit or deny the remaining assertions concerning third-party marketing arrangements and the issuance process.
15. Defendant lacks knowledge sufficient to admit or deny Pivot's claimed lack of control, financial benefit, or participation in broker sales, and therefore denies those allegations.
16. Admits receiving fourteen telephone solicitations during the period described and that Rank Media was identified as the caller on behalf of AHP. Lacks knowledge sufficient to admit or deny every corporate or agency relationship alleged. Denies that this account eliminated all objectively reasonable grounds for investigating Pivot's potential responsibility.
17. Admits purchasing a health-insurance policy during a call with an AHP agent, including for the purpose of identifying the source and beneficiary of the solicitations.
18. Admits purchasing a Pivot-branded policy and receiving welcome or membership communications bearing Pivot's name. Defendant lacks sufficient knowledge to admit or deny the issuing carrier's internal processing of the application.
19. Admits sending Pivot a draft complaint accusing it of TCPA violations. Defendant lacks knowledge sufficient to admit or deny Pivot's internal receipt and handling of that communication beyond the correspondence in the record.

20. Admits that Defendant contacted AHP and that AHP identified Rank Media in connection with the transferred insurance lead and calls. Denies that this eliminated every potential basis for a claim against Pivot.
21. Admits filing and settling the Rank Media Action, including receiving payment and signing a written release. Denies that the release clearly and unequivocally resolved every potential claim against Pivot, including Defendant's distinct refund dispute; disputes Pivot's interpretation of the release.
22. Admits discussing Rank Media and settlement negotiations with Pivot. Denies intentionally concealing a material fact or making a knowingly false statement to Pivot. Defendant lacks knowledge sufficient to admit or deny exactly when Pivot independently learned of the Rank Media litigation or settlement.
23. Admits corresponding with Pivot about responsibility for the calls and potential liability. Denies knowing that his claims were baseless, seeking to extort payment, or asserting claims for an unlawful purpose.
24. Admits that Defendant expressed a view concerning possible liability associated with charges and revenue from a Pivot-branded policy. Denies that his position was knowingly baseless or that he sought relief without a good-faith legal or factual basis.
25. Admits that Defendant asserted a refund-related claim under Texas law in the Underlying Action. The paragraph otherwise describes or characterizes a statute and a disputed legal issue. Denies that Defendant knowingly asserted a fabricated or malicious claim.
26. Admits that the parties disputed whether and how Defendant had requested a refund and exchanged correspondence on that subject. Denies fabricating a refund request or knowingly asserting a false claim. To the extent Pivot attributes improper motive to Defendant's statements, those allegations are denied.
27. Admits that Defendant communicated forcefully and expressed his views about a potential jury and litigation. Denies making a knowingly baseless demand or using the litigation as extortion. Defendant does not admit Pivot's characterization of the correspondence or alleged motive.

28. Admits that Defendant communicated with Pivot regarding the proposed Rank Media settlement, its potential effect on Pivot, and his understanding of the negotiations at different times. Denies knowingly deceiving Pivot, and disputes Pivot's interpretation of the final written release.
29. Admits filing the Underlying Action and an amended complaint that addressed the subject calls and potential liability for them. Denies knowingly making false allegations, knowingly suing on claims he understood to have been released against Pivot, or concealing related litigation with a fraudulent purpose.
30. Admits that Pivot filed a motion challenging personal jurisdiction in the Underlying Action. Denies that the motion conclusively established the absence of any potential legal responsibility by Pivot.
31. Admits that Defendant's amended pleading contained allegations and alternative statements concerning who placed the calls and who might be legally responsible. Denies knowingly falsifying any allegation or amending merely to increase Pivot's costs or delay a ruling.
32. Admits that Defendant understood a person employed by Pivot did not necessarily physically dial his number. Denies that this foreclosed potential indirect, vicarious, or other legally supported responsibility for the calls.
33. Admits that the Underlying Action asserted federal TCPA claims as well as claims under Texas law. Denies that Defendant asserted the TCPA claims solely to manufacture federal jurisdiction or that he knowingly prosecuted baseless claims.
34. Admits the Underlying Action was transferred to Arizona. Denies that knowingly false allegations caused the transfer.
35. Admits that Pivot conducted discovery and took Defendant's deposition in the Underlying Action.
36. Admits producing documents in discovery, including a copy of an email bearing an October 13, 2022 date and time. Denies creating, altering, or producing the document as forged evidence.

37. Defendant lacks knowledge sufficient to admit or deny the scope or accuracy of Pivot's internal email-log searches. Denies that the timestamp identified by Pivot proves forgery, and denies that the refund request was fabricated.
38. Admits testifying that the refund email was authentic and discussing whether Yahoo records could confirm it. Denies giving knowingly false testimony or presenting fabricated evidence.
39. Denied. Defendant denies forging a refund email, committing perjury, or concealing fabricated evidence.
40. Admits that Pivot's counsel stated an intention to seek information from Yahoo and that Defendant later stated he was considering dismissal. Denies that this established fabrication, fear of discovery of a forgery, or an unlawful motive.
41. Admits moving to dismiss the Underlying Action with prejudice in April 2024, that Pivot did not oppose dismissal on the stated terms while reserving its rights, and that the Court dismissed the action with prejudice.
42. Denied. Defendant denies that he dismissed the Underlying Action to conceal forged evidence or misconduct.
43. Admits Pivot seeks expenses and equitable relief in this case. Denies that Pivot sustained recoverable damages through wrongful conduct by Defendant and denies that any basis exists to restrict Defendant from filing future actions pro se.
44. Paragraph 44 incorporates earlier paragraphs. Defendant incorporates his corresponding responses to paragraphs 1 through 43 and denies any incorporated allegation not expressly admitted.
45. Paragraph 45 sets out a legal standard, to which no factual admission is required. Defendant denies that Pivot can establish the elements of wrongful institution or continuation of civil proceedings against him.
46. Admits that Defendant filed and pursued the Underlying Action and asserted TCPA and Texas-law theories. Denies that he knew those claims were legally or factually baseless or that he maliciously prosecuted claims he understood the written Rank Media agreement to have released against Pivot.

47. Admits that Defendant learned Rank Media had placed the calls as a source of leads to AHP and that AHP was involved in his policy purchase. Denies that this knowledge made it unreasonable to investigate Pivot's potential responsibility or assert the distinct refund issue.
48. Denied. Defendant had and believed he had reasonable grounds to assert and investigate claims in the Underlying Action.
49. Denied. Defendant denies malice, deliberate use of a nuisance action to extract an unwarranted settlement, and forgery of the refund email.
50. Admits the Rank Media settlement and that the Underlying Action concerned the calls and policy at issue. Denies knowingly asserting false facts, proceeding on claims he knew were barred against Pivot, or acting maliciously.
51. Admits that the Underlying Action was voluntarily dismissed with prejudice and that Pivot reserved its stated rights. Denies that the dismissal involved an adjudication that Defendant acted wrongly or necessarily establishes the favorable-termination element of Pivot's claim.
52. Defendant denies that any wrongful act on his part directly or proximately caused Pivot recoverable litigation expenses, employee-time costs, or other damages as alleged.
53. Defendant denies willful or malicious prosecution, use of forged evidence, entitlement to punitive damages, or any basis for an order restricting future pro se filings.
54. Paragraph 54 incorporates earlier paragraphs. Defendant incorporates his corresponding responses to paragraphs 1 through 53 and denies any incorporated allegation not expressly admitted.
55. Paragraph 55 describes a legal standard. Defendant denies that he abused any judicial process or that Pivot can establish the elements of that claim.
56. Admits that Defendant responded to discovery and produced a document purporting to memorialize a refund request. Denies preparing or using false or forged evidence.
57. Denied. Defendant denies forging the Refund Demand, knowingly disclosing fabricated evidence, or seeking to extort payment from Pivot.
58. Denies that he falsified or disclosed forged evidence. Defendant lacks knowledge sufficient to admit or deny the particulars of Pivot's internal employee-time or

investigative records, and denies that any such expenditures were caused by actionable abuse of process or are recoverable as alleged.

59. Denied. Defendant denies willful or malicious abuse of process, the use of fabricated evidence, entitlement to punitive damages, and any factual or legal basis to restrict future pro se filings.

## DEFENSES AND MATTERS IN AVOIDANCE

Subject to the existing record and the Court's rulings, Defendant asserts the following defenses and matters in avoidance to the extent applicable and supported by the evidence. These defenses do not withdraw his pending summary-judgment arguments.

1. **Failure to Establish Essential Elements.** Pivot cannot establish the elements of wrongful institution or continuation of civil proceedings or abuse of process, including the absence of probable cause, malice or improper purpose, actionable misuse of process, causation, and legally recoverable damages.
2. **Probable Cause and Good Faith.** Defendant had and believed he had reasonable factual and legal grounds for investigating and pursuing the claims in the Underlying Action, including the telephone calls, the Pivot-branded policy, and billing and communications bearing Pivot's identity.
3. **No Qualifying Favorable Termination.** Defendant contests whether the voluntary dismissal with prejudice of the Underlying Action satisfies the favorable-termination requirement for the pleaded tort; that question must be resolved under applicable law and the circumstances of the termination.
4. **No Actionable Abuse of Process.** Defendant denies any willful misuse of judicial process for an improper collateral purpose and denies falsifying or knowingly using forged material in discovery.
5. **Claim Preclusion / Compulsory-Counterclaim Bar, If Applicable.** To the extent either claim had accrued, was required to be asserted in the Underlying Action, and is precluded by applicable principles of Rule 13(a) or claim preclusion, Defendant asserts that bar. Defendant recognizes that the accrual of malicious-prosecution and abuse-of-process claims may differ.

6. **Release Interpretation and Good Faith.** Defendant disputes Pivot's construction of the written Rank Media release and denies knowingly litigating claims he understood to be released against Pivot. The text of the written agreement and applicable law control its scope.
7. **Lack of Causation and Proof of Damages.** Defendant disputes that Pivot suffered injury proximately caused by an actionable tort and disputes the amount, basis, foreseeability, and recoverability of claimed attorneys' fees, investigation expenses, employee time, alleged reputational harm, and punitive damages.
8. **Unavailability of Requested Equitable Relief.** Defendant denies any legally sufficient basis for an order restricting his ability to initiate future pro se litigation and contests such relief under the applicable requirements for prefiling restrictions.

**REQUEST FOR RELIEF**

Defendant requests that the Court enter judgment in his favor on Plaintiff's claims, deny the requested compensatory and punitive damages and proposed restrictions on future filings, award Defendant such taxable costs as are authorized by law, and grant any other proper relief. Defendant does not make a new jury demand in this Answer.

Dated: 10/26/2026 Respectfully submitted,

Lucas Horton
lukeduke365@yahoo.com
1202 Stratford Dr
Richardson, TX 75080
Tel: (469)-350-8428